CHARLES M. DALLY, JR., DEFENDANT IN ERROR, v. T. C. WHEATON CO., PLAINTIFF IN ERROR.

Submitted March 21, 1910—Decided June 20, 1910.

Where the contract between the parties provided in effect that the plaintiff was to be taken into defendant's employ as a salesman upon trial for the period of three months, and thereafter to be retained in the employment if his service was satisfactory during that period, and it appeared that his service being unsatisfactory he was discharged for that reason at the end of two weeks —*Held*, that plaintiff under the terms of the contract was engaged for the period of three months, and that he was entitled to recover the agreed wages for that period, regardless of his efficiency as a salesman during the time.

On error.

For the plaintiff in error, *Louis H. Miller*.

For the defendant in error, *Collins & Corbin*.

The opinion of the court was delivered by

MINTURN, J.   After some desultory correspondence between these parties, the subject-matter of which was the proposal by the plaintiff to be taken into the defendant's employment as a salesman, the following definite proposal was sent by the defendant to the plaintiff, and accepted by him:

T. C. WHEATON CO.,

MANUFACTURERS OF DRUGGISTS', CHEMISTS' AND PERFUMERS' GLASSWARE.

MILLVILLE, N. J., 10–7–'09.

*Mr. Charles M. Dally, 96 Linden Ave., Arlington, N. J.:*

DEAR SIR—Yours of the 6th received and it would appear to be a fair price provided you could make good in your sales. We are willing on the above basis to start you in, say for three months and see what you can do.   If you find yourself equal to the job we shall be very glad to have you stay with us.   We know that you would feel in the matter the same as we do, that unless you are able to deliver business to us it not only would be unpleasant for you but unsatisfactory to us.   Business is done now on too close a basis to afford any luxuries. You have a fine field to show your ability, in which you have a list of first-class druggists who would be satisfied with nothing but first-class ware and this we claim to be able to deliver. You will have all you can attend to in the territory you have named.

We notice that you have not included Brooklyn and Staten Island, which have at different periods been quite profitable to us.   We presume you will add these to your list.   It will be all right for you to secure any business outside of this territory that you might run into if we are not already doing business.   In other words, we are willing to give you all the assistance we can to make a success of your efforts.

After you have taken your lesson with Mr. Bauer and feel ready to start in, kindly advise us so we can keep a record of your work.

Yours truly,

T. C. W.–E. M. T.          '          T. C. WHEATON CO.

Upon the terms of this proposal the plaintiff started to work as a salesman for defendant on October 19th, 1907; and so continued until early in the following month, when he was discharged by an agent of the defendant acting under instructions to that effect. The plaintiff had labored about two weeks and brought this suit to recover for his salary at the rate of $25 weekly and expenses for the balance of the term of eleven weeks.

The defence interposed was based upon a construction of the terms of the contract above recited, to the effect that the contract of employment was conditioned upon the plaintiff's "making good," and that as in the judgment of the defendant the plaintiff had not "made good" the contract was at an end and the defendant was entitled to judgment.

A motion for a nonsuit upon this ground was denied, as was also a motion to direct a verdict at the end of the case. But a counter motion by the plaintiff's counsel for judgment in his behalf upon the contract was allowed, and judgment was accordingly entered in favor of the plaintiff for the balance of plaintiff's demand, and his expenses.

The same argument is urged before this court by the defendant and we are asked to put a construction upon this contract that would have enabled the defendant at any time during its continuance to annul it, if in defendant's judgment the plaintiff did not "make good." We are unable to so read the contract, and we agree with the learned trial court that the intent of the parties was to provide for a liberal trial of this plaintiff for the period of three months, during which time if he "made good" he was to be retained, but was to be retained in any event so long as he honestly attempted to perform his part of the contract during the contract term.

In view of this construction it became entirely immaterial whether the plaintiff's work during the three months was at all times satisfactory to the defendant upon the theory of "making good." That inquiry and consideration would be of importance at the termination of the time limit of the contract, for the purpose of influencing the action of the defendant in retaining or rejecting the plaintiff for future service

under the proposal contained in the contract which was conditioned upon plaintiff's "making good" during the probationary period; but it could not serve to justify the plaintiff's discharge within the time limited by the contract, because both under the terms and the spirit of the contract he was entitled to demonstrate his efficiency during the whole of that period.

For that reason the testimony which the defendant offered for the purpose of showing the inefficiency of the plaintiff during his period of probation was irrelevant and properly excluded.

No error appearing in the record the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 15.

*For reversal*—None.